PEDRO SANABRIA ET AL., Appellants, *v.* REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 878. Submitted April 3, 1933.—Decided June 20, 1933.

*Samuel R. Quiñones* for appellants. The registrar appeared by brief.

MR. JUSTICE WOLF delivered the opinion of the Court.

The Registrar of Mayagüez denied the record of the release or cancellation of a mortgage on the ground that the alleged attorney-in-fact who filed the release did not have specific authority to make the cancellation. Examining the power of attorney, it contains these words:

"7. To demand, sue for, enforce payment of, and receive and give effectual receipts and discharges for all moneys, securities for money, debts, goods, chattels, and personal estate of or to which the company is now or may hereafter become possessed or entitled or which is or may become due, owing, payable, or transferable to the company from any person or persons or corporation.

"*  *  *  *  *  *  *

"10. To execute, sign, enter into, acknowledge, perfect, and do all such deeds, agreements, declarations, instruments, acts, and things as shall be requisite in relation to all or any of the purposes or

matters aforesaid, including all such further acts and things as may be deemed expedient for recording, registering, or otherwise completing and giving validity thereto.''

A mere examination of these two paragraphs convinces us that it was the clear intention of the parties to give specific authority to the attorney in fact to execute a release and for this purpose no particular consideration of the brief of the appellant was necessary. The general intention of the power of attorney was to grant an express commission as provided for in section 1604 of the Civil Code, 1930 ed.

The appellant did, however, file a brief where he cited authorities which tend to show clearly that the word ''discharge'' was equivalent to the word ''cancel'' or ''release''. We have no question of the authorities cited.

The registrar, moreover, moves to dismiss the appeal because the appellant under the law should have filed his brief on a certain date and did not do so. In point of fact the appellant prayed for and obtained in this court extensions of time for filing his brief. These extensions or some of them, it is true, were not notified to the registrar, but we do not find that it was necessary to do so. The brief itself was notified to the registrar.

It is true that an administrative appeal is not strictly an exercise of jurisdiction within the judicial power of a court. It is special jurisdiction conferred by the Legislature to the Supreme Court of Puerto Rico. Therefore, when the Legislature conferred upon this court jurisdiction to consider administrative appeals, it necessarily also conferred the power to grant extensions. Once it was thought that the time fixed in an unlawful detainer proceeding for the second appearance was ''fatal'', but this court decided that the time might be continued. *Mas et al.* v. *Borinquen Sugar Co.*, 18 P.R.R. 299.

The ruling of the registrar should be reversed and the record of the release made.